

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 28, 1947

Hon. Jack C. Altaras       Opinion No. V-171
County Attorney
Johnson County             Re:    Canvassing of election
Cleburne, Texas                   returns of trustee el-
                                  ection in the rural
                                  high school districts.

Dear Sir:

        We refer to your letter of recent date ac-
knowledged by the Attorney General on April 16, 1947,
wherein you request an opinion of this office on the
following submitted subject matter and question:

        Several common school districts
    were grouped in accordance with Article
    2922a, V.C.S., with one independent
    school district, and now is known as a
    rural high school district. This high
    school district has less than 500 schol-
    astics, and remains under the supervis-
    ion of the County School Superintendent.

        Query: What body should canvass
    the returns and declare the results of
    elections for trustees of a rural high
    school district.

        We assume, for purposes of this opinion,
that the rural high school district in question was
legally created under provisions of statutes, Articles
2922a and 2922c, V.C.S., governing the establishment
and creation of rural high school districts.

        Under the provisions of Article 2922b, V.C.S.,
a rural high school district is classified as a common
school district. Further, a rural high school district
has been so considered and treated as a common school
district in the cause styled, Mt. View Common School Dis-
trict vs. Blanco County Board, etc., 149 S.W. (2) 224,
writ dismissed.

        Article 2774a, Section 4, V.C.S., provides

that the control and management of the schools of a rural high school district shall be vesued in a Board of seven trustees, elected by the qualified voters of the district at large, who shall be elected and serve in accordance with the provisions of the general law relative to common school districts, except as otherwise provided.

Thus, the election procedure to be followed in the election of rural high school district trustees, is controlled by the laws governing the election of common school district trustees. In Opinion No. O-4446, a copy of which is attached hereto, this Department advised that the Commissioners' Court should canvass the returns of trustee elections of common school districts in accordance with provisions of Article 2746a, V.C.S.

Accordingly, it is the opinion of this office that the Commissioners' Court should canvass the returns and declare the results of elections for trustees of rural high school districts.

### SUMMARY

The Commissioners' Court should canvass the returns of trustee elections in rural high school districts in accordance with the provisions of Article 2746a, V.C.S.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:djm:wb
Enclosure

APPROVED APRIL 28, 1947

*Price Daniel*

ATTORNEY GENERAL OF TEXAS